# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JEANNIE M. MARSHALL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00019 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Jordana Cooper, Assistant Regional Counsel, and Charles Kawas, Special Assistant United States Attorney, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the denial of benefits.

Jeannie M. Marshall, the plaintiff, challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for supplemental security income benefits under certain provisions of the Social Security Act ("Act"). The action was referred to a magistrate judge to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). The magistrate judge filed a Report recommending that the case be remanded for

further consideration by the Commissioner of Marshall's mental residual functional capacity. The Commissioner has filed timely written objections to the Report.[1]

I must make a de novo determination of those portions of the Report to which the Commissioner objects. 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2010); Fed. R. Civ. P. 72(b)(3). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

The magistrate judge's Report sets forth in extensive and correct detail the plaintiff's relevant history. Marshall, who was 31 years old at the time of the hearing before an administrative law judge ("ALJ"), sought a disability determination based on both physical and mental limitations. The ALJ found that while she did have

---

[1] The plaintiff has not responded to the objections as permitted by Federal Rule of Civil Procedure 72(b)(2) and the time for such a response has expired.

severe mental and physical impairments, she had the residual functional capacity to perform jobs that exist in sufficient number in the national and local economy. Accordingly, her application for benefits was denied.

The magistrate judge found that the ALJ's decision as to Marshall's physical residual function capacity was supported by substantial evidence in the record and Marshall has not objected to that finding. However, the magistrate judge found that because the record showed that Marshall's mental impairments limited her to "simple work" (Report 12) the ALJ's decision as to that aspect of her residual functional capacity was not supported by substantial evidence, and recommended remanding the case for further development of that issue by the Commissioner.

In his objection, the Commissioner argues that in fact the ALJ did limit Marshall to unskilled work, the equivalent of simple work, and thus no remand is necessary. I agree.

The evidence before the ALJ supported his finding that the plaintiff was not suffering from mental retardation. Marshall takes care of her living needs at home and that of her disabled husband. She obtained a driver's license and completed the eighth grade in school. After testing by a consultative psychologist, she was found to have a full-scale IQ of 79. She was diagnosed with post-traumatic stress disorder, anxiety, and depression, and the ALJ noted in his decision and in his questioning of

the vocational expert at the hearing that she would thus be precluded from any jobs with public contact and more than minimal contact with coworkers or supervisors. (R. at 20.) He found that she had the mental functional capacity to perform at least unskilled jobs, with the ability to understand and remember "simple instructions." (*Id*. at 16.)

By definition in the regulations, "unskilled work" is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a) (2010). The jobs that the vocational expert opined that a person with Marshall's limitations could perform (pharmaceutical assembler, dresser, and marker) are unskilled, as the vocation expert confirmed in his testimony. (R. at 882-83.)

For these reasons, I find that the ALJ's decision as to the plaintiff's mental residual functional capacity was supported by substantial evidence. Accordingly, I will sustain the Commissioner's objections and grant summary judgment in his favor, affirming the denial of benefits.

An appropriate final judgment will be entered.

        DATED: April 18, 2011

        /s/ JAMES P. JONES
        United States District Judge